FILED
97 JAN 14 AM 10: 41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

WILMA BEARDEN,                )
                              )
     Plaintiff,               )
                              )
     vs.                      )    CV 96-L-0968-M
                              )
QUORUM HEALTH GROUP, INC.;    )
GADSDEN REGIONAL MEDICAL      )
CENTER, a corporation,        )
                              )
                              )
     Defendant.               )
                              )

ENTERED
JAN 14 1997

### MEMORANDUM OPINION

Plaintiff and defendants have made cross-motions for partial summary judgment relating to plaintiff's claim under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq. The issues involved in these motions have been analyzed by the undersigned and his law clerk. It is clear to this court that plaintiff has failed to make out the prima facie case of age discrimination. Thus this court today orders that the motion of defendants for partial summary judgment will be granted, and plaintiff's motion for partial summary judgment will be overruled.

From 1983 until August 24, 1995, plaintiff was employed as a human resources assistant in the personnel department of Gadsden Regional Medical Center. On August 24, 1995, plaintiff was discharged from her employment. She was aged 55 at the time of her discharge.

Plaintiff brought suit in this court on April 17, 1996 and alleged that defendants had violated the ADEA and that she was owed benefits under ERISA for unpaid comp time. On June 12, 1996, plaintiff added a claim under ERISA for breach of fiduciary duty. Plaintiff voluntarily dismissed this breach of fiduciary duty claim on November 27, 1996, and this court subsequently ordered that this dismissal was to be with prejudice. On January 6, 1997, this court granted plaintiff's voluntary dismissal of her claim under ERISA for unpaid comp time. On that same day, plaintiff's complaint was also amended to add a claim for unpaid comp time outside the framework of ERISA. With today's summary judgment as to the ADEA claim, plaintiff's only remaining claim is a claim outside the scope of ERISA for unpaid comp time.

In reviewing a motion for summary judgment, the motion is granted if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); <u>United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama</u>, 941 F.2d 1428, 1437 (11th Cir. 1991). The evidence of the non-movant is to be believed, and the court is not to engage in jury functions such as determining credibility and weighing the evidence. <u>Four Parcels</u>, 941 F.2d at 1437. However, when the non-movant bears the burden of proof at trial and a motion for summary judgment has been made, the non-movant bears the burden of coming forward with sufficient evidence on each element that must be proved. <u>Earley v. Champion International Corp.</u>, 907 F.2d 1077, 1080 (11th Cir. 1990). If on any part of the prima facie case, there would be insufficient evidence to require submission of the case to a jury, summary

judgment is appropriate. Earley, 907 F.2d at 1080.

The first step in analyzing a motion for summary judgment under the ADEA is to determine whether the plaintiff has presented a prima facie case of discrimination. Id. at 1081. This prima facie case can be made in one of three ways: (1) direct evidence of discriminatory intent, (2) statistical proof of disparate treatment, or (3) meeting a test such as the one set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Earley, 907 F.2d at 1081.

Plaintiff has offered no evidence of discriminatory intent and no statistical proof of disparate treatment. Thus if plaintiff is to prove the prima facie case, she must do so under the test derived from McDonnell.

The Eleventh Circuit has set out three elements derived from McDonnell that a plaintiff must show in order to establish a prima facie case of employment discrimination: (1) that the plaintiff was in a protected age group and was adversely affected by an employment decision, (2) that the plaintiff was qualified for the current position or to assume another position at the time of discharge or demotion, and (3) that there exists some evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age. Earley, 907 F.2d at 1082. If the plaintiff fails to show its prima facie case, then defendant's motion for summary judgment is due to be granted.

Under Earley, because plaintiff was fired by defendant at the age of 55, she was in a protected age group and was adversely affected by an employment decision. Second, because the

depositions show that plaintiff was receiving extraordinary evaluations as little as seven months prior to her termination, it seems that she was qualified for the current position.

Finally, plaintiff must show some evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age. Id. Plaintiff attempts to fulfill her burden with evidence that in the six months prior to her termination two persons aged 28 and 39 were hired into the department in which plaintiff worked. One of these two new persons had below-average evaluations and was on probation at the time plaintiff's position was terminated. However, in Barnes v. Southwest Forest Indus., Inc., 814 F.2d 607, 610 (11th Cir. 1987), the Eleventh Circuit noted that there was no inference of age discrimination from the fact that new employees were on probation at the time that an older employee was fired. Similarly, the facts presented in this case fail to show intent to discriminate. By failing to show that the employer intended to discriminate on the basis of age, plaintiff has not made out her prima facie case under Earley.

By failing to make out the prima facie case, summary judgment against plaintiff is appropriate. Accordingly, by separate order, summary judgment against plaintiff as to plaintiff's ADEA claim is hereby entered.

DONE this _13th_ day of January 1997.

_____
SENIOR JUDGE